# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2022

Lyle W. Cayce
Clerk

No. 21-50119
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Joshua Robinson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-232-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Joshua Robinson pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base (crack cocaine) and was sentenced to 84 months of imprisonment, followed by five years of supervised release. On appeal, Robinson challenges the sufficiency of the factual basis to support his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-50119

guilty plea. He asserts that "(1) [he] never admitted to any facts to support the plea except that he did commit the elements of the offense; and (2) [his] admission that he was responsible for at least 28 grams of crack cocaine [] on or about July 24, 2020, is not supported by the lab reports in the PSR."

Because Robinson did not challenge the sufficiency of the factual basis in the district court, our review is for plain error. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019). To establish plain error, Robinson must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). Even if we assume that the district court's acceptance of Robinson's guilty plea amounts to clear and obvious error, he has not shown that this error affected his substantial rights. *See Puckett*, 556 U.S. at 135; *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Robinson also challenges the quantity of crack cocaine attributable to him for the purpose of calculating his base offense level under U.S.S.G. § 2D1.1(c). Again, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Robinson's argument attacking the presentence report's methodology for calculating the quantity of crack cocaine attributable to him is unavailing as he has not cited any caselaw in direct support of his argument. Accordingly, Robinson has failed to show that the district court committed a clear or obvious error. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.

2